IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2008

Charles R. Fulbruge III
Clerk

No. 08-60037
Summary Calendar

ANTHONY FERNANDES

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 044 363

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Anthony Fernandes, a native and citizen of India, has filed a petition for review of the Board of Immigration Appeals' (BIA) order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture Act (CAT).

On a petition for review of a BIA decision, this court reviews the factual findings to determine if they are supported by substantial evidence. Silwany-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez v. INS, 975 F.2d 1157, 1160 (5th Cir. 1992). Under the substantial evidence standard, this court will affirm the BIA's decision unless the evidence compels a contrary conclusion. Id. "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006).

The evidence does not compel a conclusion that Fernandes suffered past persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion or that it is more likely than not that he will suffer such persecution if he is returned to India. See 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b)(2)(i); Tamara-Gomez v. Gonzales, 447 F.3d 343, 348-50 (5th Cir. 2006); Mikhael v. INS, 115 F.3d 299, 304 & n.4 (5th Cir. 1997). Further, Fernandes cannot meet the more demanding standard for withholding of removal given that he cannot satisfy the standard for asylum. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). As to relief under the CAT, Fernandes failed to challenge in his petition the BIA's conclusion that he was not eligible for relief under the CAT. Accordingly, the issue is waived. Zhu v. Gonzales, 493 F.3d 588, 593 n.10 (5th Cir. 2007).

Fernandes also challenges the BIA's application of its summary affirmance procedures to his case, arguing that his appeal did not satisfy the requirements for employing that procedure enumerated in 8 C.F.R. § 1003.1(e)(4). The IJ's decision met the criteria for summary affirmance pursuant to § 1003.1(e). The petition for review is therefore DENIED.